[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a marital dissolution action brought by the plaintiff, Raymond E. Gould, Jr. by complaint dated August 28, 1998 seeking to dissolve the marriage as well as ancillary relief. The plaintiff and the defendant, Cynthia O. Gould, have appeared by counsel. An answer and cross-complaint was filed on October 2, 1998. The matter was placed on the limited contested list and heard by the court on November 2, 1999 when the plaintiff proceeded upon his complaint.
Based on the evidence, the court makes the following findings:
The parties were married on September 30, 1995 in Putnam, Connecticut;
The plaintiff has resided in this state for at least one year prior to the filing of the complaint;
No children have been born to the defendant since the date of the marriage;
Neither party presently receives assistance from the State of Connecticut or from any town or municipality.
The plaintiff is a 33-year-old construction worker who has a high school education. The defendant is a 30-year-old high school graduate who currently works as an administrative assistant. They met in the late 1980s. They jointly acquired a Ford Escort in CT Page 15101 1988 and a GMC Jimmy in 1991. They lived together in these years except for two periods of separation, the last in 1994. In that year, each filed for bankruptcy because of credit card debt. They married in 1995 and jointly purchased a single family residence on Spring Hill Road in Ashford in June of 1996 for $113,900.[1]
The defendant's parents lent the parties $7500 to buy the residence. Five thousand dollars is still owed to the defendant's parents. There is presently a first mortgage in the amount of $111,000. There is a home equity loan with a present balance of $19,600.
At the time the residence was purchased, the plaintiff was making approximately $43,000 annually and the defendant was earning approximately $24,000. By 1997, when a joint return was filed, they earned a total of approximately $64,000. In 1998, the year the parties separated, they filed separate returns. The plaintiff earned approximately $70,000; the defendant earned $31,000.
Shortly after they purchased the residence, the parties began to have problems with their marriage. The plaintiff wanted children. He would not have otherwise purchased the residence. The defendant did not want children and they argued about the situation. The defendant agreed to consult a gynecologist, but by her own admission did so halfheartedly. Their relationship suffered and the plaintiff accused the defendant of infidelity. On August 10, 1998, shortly after refinancing their residence, they argued. He had been drinking. The incident involved shouts and threats after the defendant told the plaintiff she wanted a divorce. The defendant was locked out of the home for a brief period of time. She returned, picked up her car keys and left in her car to travel to her sister's residence in Enfield. She sought the assistance of the state police who escorted her back to the residence where she packed some clothes and left. The parties have lived apart since.
Shortly after the couple separated, the defendant resigned from her position at a state correctional institution rather than face disciplinary proceedings that could have led to her discharge. She received about $1100 in deferred compensation which she spent to pay bills. She worked as a temporary employee before returning to a former employer where she now earns $480 weekly (gross). The plaintiff, who has joined the union of operating engineers, now earns $1600 weekly (gross). His income increased to its current level about seven months before the CT Page 15102 separation.
The parties are at odds over alimony and a property settlement.
After hearing the testimony, the court concludes the marriage has broken down irretrievably and that the parties are equally responsible for the breakdown. Each resents the other's position regarding children. After the marriage, they lived together for less than four years. They have been separated more than 15 months. There is no reasonable likelihood of reconciliation. The marriage should be dissolved. Since the parties share fault for the breakdown, the court, being mindful of the provisions of Chapter 815j of the General Statutes, particularly §§ 46b-81,46b-82, and relevant case law, finds the following orders to be fair and equitable:
1. The marriage of the parties is dissolved on the ground of irretrievable breakdown;
2. Neither party is awarded alimony except for $1 per year modifiable only in the event either party is held liable in connection with a debt assumed by the other party.
3. By way of property settlement, the defendant shall quit-claim her interest in the Spring Hill Road, Woodstock premises to the plaintiff. He shall be solely responsible for any mortgage(s), home equity loans, taxes, liens, and insurance and shall save the defendant harmless from any claims relative to the premises. He shall pay over the sum of $4,818.45 (presently in an escrow account) to the defendant to be applied to the $5,000 debt to the defendant's parents relative to the purchase of the residence. He is ordered to make reasonable efforts to refinance the premises within three years to remove the defendant's name from the note(s) and thus relieve her of any liability.
The plaintiff is ordered to pay the sum of $2,671.44 to the defendant. This sum represents one-half of the balance in the plaintiff's 401(k) account as of September 30, 1998. The defendant may keep her interest in her pension plan.
4. Each party will retain the motor vehicle in their possession and be responsible for any debt connected therewith. The defendant shall make reasonable effort to refinance the debt on her 1997 Ford Contour to relieve the plaintiff of liability. CT Page 15103
5. With the exception of specific orders to the contrary herein, each party shall be entitled to the ownership of the assets and shall be responsible for the payment of the liabilities shown on his and her respective proposed orders, trial memorandum or financial affidavits and shall hold the other harmless from liabilities set forth therein or any liabilities in connection with the assets;
6. The court shall retain jurisdiction to enter such orders as may be necessary in order to effectuate the provisions of the judgments;
7. The plaintiff shall prepare the judgment file.
Potter, J.